[No. A024789. First Dist., Div. One. May 20, 1986.]

INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, LOCAL 55, AFL-CIO, et al., Plaintiffs and Appellants, v.
CITY OF SAN LEANDRO et al., Defendants and Respondents.

COUNSEL

Duane W. Reno and Davis & Reno for Plaintiffs and Appellants.

Steven R. Meyers, City Attorney and Elizabeth Hassard Silver, Assistant City Attorney, for Defendants and Respondents.

OPINION

NEWSOM, J.—This is an appeal from an action for declaratory judgment and permanent injunction. Appellants seek a declaration that General Order 75-2 of the San Leandro Fire Department is unconstitutional. The injunctive relief requested would restrain respondents from imposing any discipline for failure to comply with the order, which requires fire department personnel to reside within 40 road miles of fire station 4 located in San Leandro.

Both parties filed summary judgment motions upon which respondents prevailed.

Article XI, section 10, subdivision (b) of the California Constitution provides that: "(b) A city or county, including any chartered city or chartered county, or public district, may not require that its employees be residents of such city, county, or district; except that such employees may be required to reside within a reasonable and specific distance of their place of employment or other designated location."

The City of San Leandro has adopted a residency requirement for its fire department personnel (General Order 75-2) in order to assure that firefighters can provide emergency assistance in a timely manner. The order states: "San Leandro Fire Department personnel may reside up to forty (40) road miles from Fire Station 4. This presumes that a substantial portion of that distance will be traveled at freeway speed. Each request to live outside San Leandro city limits will be evaluated individually against the above criteria." The order has at all times been interpreted to prohibit residence more than 40 miles from fire station 4. Despite the order's language to the contrary, the type of road has never been a factor in evaluating requests to live outside the city. The only question asked by the fire chief is whether the residence is within 40 miles of station 4. All requests to live within the prescribed residence zone have been granted, regardless of the speed of travel, the conditions of the roads, or travel time.

The prescribed residency zone includes seven Bay Area counties (Alameda, Contra Costa, Solano, Marin, San Francisco, San Mateo and Santa Clara). Within those counties, fire department personnel can reside in the following cities: San Francisco, South San Francisco, San Bruno, San Mateo, Redwood City, Palo Alto, Mountain View, Sunnyvale, Santa Clara, San Jose, Milpitas, Fremont, Newark, Hayward, Pleasanton, Livermore, Oakland, Alameda, Berkeley, Albany, El Cerrito, Richmond, San Pablo, Vallejo, Lafayette, Walnut Creek, Concord, Martinez, Pittsburg, San Rafael and Novato.)

Appellants introduced several declarations at trial in support of their contention that the residency restriction has caused substantial hardship for some fire department personnel, while at the same time failing to ensure that firefighters can provide rapid emergency assistance.[1] Specifically, two declarations stated that the travel time from certain areas outside the zone was substantially less than that from some areas within the 40-mile limit.

■ Initially, respondents assert that appellants are estopped from challenging the constitutionality of General Order 75-2 because the residency limitations of that order were negotiated with, and agreed to by, the San Leandro Fire Fighters Association, an affiliate of appellant Local 55. The trial court made no finding on this issue, and the facts are undisputed. Accordingly, this court is free to make its own determination as to whether appellants are estopped from bringing the action (*County of Sacramento* v. *Assessment Appeals Bd. No. 2* (1973) 32 Cal.App.3d 654, 667 [108 Cal.Rptr. 434].)

■ Generally, the doctrine of estoppel is disfavored (*Landberg* v. *Landberg* (1972) 24 Cal.App.3d 742 [101 Cal.Rptr. 335]. ■ Also, it is established that a party to an illegal contract, "'. . . cannot be estopped from relying on the illegality, and cannot waive his right to urge that defense.'" *Prime* v. *Hyne* (1968) 260 Cal.App.2d 397, 402-403 [67 Cal.Rptr. 170].) ■ Nor do we find in a Pennsylvania case cited by respondents, *Fraternal Order, etc.* v. *Hickey* (1982) 499 Pa. 194 [452 A.2d 1005], reasons supporting estoppel on the facts before us. In finding that a city was estopped from asserting the illegality of a collective bargaining agreement, the Pennsylvania Supreme Court in *Hickey* dealt with an agreement limited in duration and contractual, rather than constitutional, in foundation. Moreover, as appellants argue, unconstitutional provisions of

---

[1]One firefighter declared that the cost of housing was much higher in the residency zone than in areas immediately outside the zone. Another firefighter is unable to live with his spouse who by necessity must live outside the residency zone.

a collective bargaining agreement are void and unenforceable. "[A] union may no more bargain away its members' statutory rights against discrimination . . . than it may bargain away its members' statutory rights against, for example, sexual or racial discrimination." (*Judson Steel Corp.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 658, 665, fn. 5 [150 Cal.Rptr. 250, 586 P.2d 564].) Thus, if the 40-mile limit is unconstitutional, as appellants contend, that provision is void and unenforceable and will hence be excised from the agreement. (*Shephard* v. *Lerner* (1960) 182 Cal.App.2d 746, 750-751 [6 Cal.Rptr. 433].) For these reasons, we conclude that the defense of estoppel is inapplicable to this case.

Turning to the merits of the dispute, the gist of appellants' position is that General Order 75-2 is constitutionally defective because its residency restriction fails to require that, in assessing whether compliance is achieved, consideration shall be given to the factor of travel time.

We are of course free to make an independent determination on this issue, for the facts below are undisputed and the issue before us is purely one of law. (*Shoban* v. *Board of Trustees* (1969) 276 Cal.App.2d 534, 541 [81 Cal.Rptr. 112].)

Prior to the adoption of article VI, section 10, subdivision (b), of the California Constitution, reasonable residency requirements for municipal employees were regularly upheld. In *Marabuto* v. *Town of Emeryville* (1960) 183 Cal.App.2d 406 [6 Cal.Rptr. 690], for example, the court recognized the reasonableness of requiring fire and police personnel to live within a specified distance of their place of employment in order to ensure rapid response to emergencies. Similarly, in *Ector* v. *City of Torrance* (1973) 10 Cal.3d 129 [109 Cal.Rptr. 849, 514 P.2d 433], our high court upheld a charter residence requirement and concluded that it did not violate equal protection or the constitutional right to travel.

Appellants are not contesting the concept of a residency requirement, but rather the rules implementing it. They first argue that the purpose of the restriction is to ensure rapid emergency response. Accordingly, the argument continues, travel time becomes a factor, yet is not considered in determining compliance with the order: Firefighters who wish to live outside the prescribed zone, and whose travel time could be less or no greater than that of personnel living within the zone, are unfairly penalized.

Appellants direct our attention to the decision in *Lanam* v. *Civil Service Com.* (1978) 80 Cal.App.3d 315 [145 Cal.Rptr. 590]. There, the trial court granted a firefighter's petition for a writ of mandamus seeking reinstatement

and reimbursement for lost wages. The appellate court affirmed, finding substantial evidence to support the trial court's determination that a specified residency area violated California Constitution, article XI, section 10, sub-division (b)'s provision that a city or county may require its employees to live within a "reasonable and specific distance" from their place of employment.

At issue in *Lanam* was the validity of a residency area based on a hand-drawn map in the shape of an irregular oval. Ukiah's fire chief accounted for the lack of uniform distance by testifying that the city did not want its fire personnel living in areas prone to flooding, and that the map was drawn to exclude such areas. Evidence was presented, however, that certain areas within the zone were prone to isolation from flooding. The plaintiff also introduced a declaration that the reasonable driving time from his home to work was less than that from some points within the residency area. The trial court found that the residency zone excluded many areas which were as close or closer to downtown Ukiah and which had a shorter travel time.

Respondents argue that the residency area in *Lanam* was unconstitutional because there was no *uniform* distance. Had this been the sole constitutional defect, however, the court would not have stated that "the mere specification of a 'distance' in miles does not make it [a residency restriction] 'reasonable.' Where emergency transit is the purpose of its specification, its measurement in airline miles may not be 'reasonable' if it is not traversible by road, and *its measurement in road miles may not be 'reasonable' if its travel time does not comport with the purpose.*" (*Id.,* at p. 320, quoting 59 Ops.Cal.Atty.Gen. 136, 140; italics added.) We read *Lanam, supra,* as holding that travel time *may* be a factor in measuring the constitutional reasonableness of residency restrictions. We are not, however, persuaded that an ordinance which fails to address such a factor is, *ipso jure,* invalid. The test is one of reasonableness.

The 40-mile limit at issue here we find to be both reasonable and specific: it permits appellants to live in nearly all of the cities of the Bay Area's seven counties. No arbitrariness is shown.

The administrative burden of requiring individual assessment of fire-fighters' travel time would of course be onerous. While the department could rely on declarations, almost certainly it would have to verify them: a bur-densome, costly and time consuming task. Moreover, service travel time can vary significantly depending upon weather, road and traffic conditions. The failure to consider this factor is, under all circumstances presented, not so unreasonable as to render the ordinance constitutionally defective. We

conclude that the trial court properly found this to be so. The judgment is affirmed.

Racanelli, P. J., and Elkington, J., concurred.

A petition for a rehearing was denied June 16, 1986, and appellants' petition for review by the Supreme Court was denied July 31, 1986. Bird, C. J., was of the opinion that the petition should be granted.